UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820
MDDAMDChambers@mdd.uscourts.gov

January 24, 2006

MEMORANDUM TO COUNSEL RE:

Bedell v. Board of Education of Kent County
Civil No. AMD 05-3340

I have studied carefully the briefing on plaintiffs' motion to remand and I am satisfied that no hearing is necessary. I have elected to rule in this informal manner.

There is no dispute that the Notice of Removal was filed (on December 13, 2005) only by defendants Price, Kirby and Beck. Further, there is no dispute that, for the removal to have been timely, defendants Board of Education, Ward, and Sampson must have timely consented to the removal, in an acceptable manner, no later than 30 days after service on the first-served defendant or 30 days after service on a later-served defendant who was served within 30 days of service on the first-served defendant (which itself timely removed the case). *See Guyon v. Basso,* --- F.Supp.2d ----, 2005 WL 3338673, at *4-5 (E.D.Va., Dec.8, 2005), *cited in Jackson v. John Akridge Management Co.*, 2006 WL 66669 (D.Md., Jan.9, 2006). Finally, there is no dispute that even in federal question cases, courts in this circuit '"are obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises 'significant federalism concerns.'" *Sonoco Products Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366, 370 (4th Cir. 2003) (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994)).

Thus, boiled to its essence, the question here, as you recognize, is whether it is sufficient to satisfy the unanimity and timeliness requirements that counsel for the first served/removing defendant simply to recite that, "[t]he other Defendants in this case, namely, the Board of Education of Kent County, Bonnie Ward and Gordon Sampson, consent to this removal, and the undersigned has been expressly authorized by their attorney to so state." Notice of Removal at ¶ 4.

*Hammonds v. Youth for Christ USA*, 2005 WL 3591910 (W.D.Tex., Aug.16, 2005), is on all fours with this case and answered the above query in the negative. In particular, the removing defendant argued there, as the removing defendants argue here, that they "clearly . . . obtained authority from a specific representative of [the non-removing defendant] to consent to removal and had authority under Rule 11 of the Federal Rules of Civil Procedure to make such representation to the court." *Id*. at *2; *see id*. at *3 (quoting the following recital from the Notice of Removal: "We have conferred with counsel for Defendant CNIC Health Solutions, Norman E. Snyder, Jr. of Tucker Taunton Synder & Slade, 10370 Richmond Avenue, Suite 1400, Houston, Texas 77042 and they are in agreement with this removal."). Nevertheless, the court reasoned, "[s]uch a statement signed only by counsel for the removing defendant is insufficient to fulfill the 'procedural requirements of the removal statute.'" *Id.*\* (citations omitted). Nor would the court countenance defendants' attempts to cure the defective Notice of Removal or supplement the record by amendment or an untimely filing of consent. *Id*. at *2 and n.1.

I think this is the correct and wise rule and I apply it here. It is exactly because courts (and parties, for that matter) wish to avoid the kind of satellite litigation seen here over straightforward procedural requirements for removal that they have derived rather stringent standards, consistent with congressional intent. For example, in this case, although the Notice of Removal recites, "on information and belief," that "the other Defendants were also served on November 15, 2005," in fact, as plaintiff shows, defendant Sampson "failed or refused to retrieve his certified mail package containing Summons and Complaint, requiring that he be served by hand [on December 8, 2005.]" Understandably, courts desire to avoid such collateral debates in this area. There is no reason whatsoever, particularly in an era of electronic filing such as is available in this district, why a governmental defendant who wishes to join in a Notice of Removal cannot easily do so.

Accordingly, the plaintiffs' motion to remand shall be granted. An order follows.

Very truly yours,

/s/
Andre M. Davis
United States District Judge

AMD:tt

---

\*The *Hammonds* court agreed with and quoted a prior case as follows:
[T]he reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 U.S.C. § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in writing signed by that defendant or by his or her attorney. The Fifth Circuit Court of Appeals has held that there must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal.

2005 WL 3591910, at *3 (quoting *Smith v. Union Nat'l Life Ins. Co.,* 187 F.Supp.2d 635, 641-42 (S.D.Miss. 2001). The court specifically rejected the reasoning of a case that permitted the kind of "double agency" relied on here, whereby a lawyer for the non-removing defendant, who does not sign the Notice of Removal, attempts to make the lawyer for the removing defendant his client's agent. *See id*. at *5( rejecting "[t]his 'looser construction of the formalities required by the rule of unanimity.'").